WATSON, Judge.
Plaintiff, Levin Fusilier, filed this suit October 14,1975, to claim a right of passage across the land of defendant, Atney Fournerat. Plaintiff alleged that his property in Acadia Parish, Louisiana constituted an enclosed estate as defined in LSA-C.C. art. 699.
The evidence supports the trial court’s factual conclusion that plaintiff’s property is not an enclosed estate, because a public road on the East designated as “E” is accessible to him and makes it unnecessary for him to use public road “A” lying across defendant’s property to the West.
*1061 According to the testimony of a police juror, J. D. Sittig, Sr., road “E” has been continuously maintained by the police jury for nine years as a gravel road, which is used for a school bus route. Road “E” leads to the property of plaintiff’s brother, Jacques Fusilier, with whom he entered into a partition January 3, 1953. The adjoining property on the West is adjacent to defendant’s and was acquired by plaintiff from defendant’s ancestor in title after the partition. However, both this property and that partitioned are accessible from road “E”. Prior to the partition the Fusiliers owned an undivided interest in the property served by road “E” and plaintiff retained a right of passage across his brother’s property after the partition under the provisions of LSA-C.C. art. 701. Plaintiff in deposition admitted the existence of wagon or sawmill roads affording ample passage between his property and that of his brother. Plaintiff in direct testimony admitted using road “E” for access to his property prior to the partition. The only obstacle to plaintiff’s present use of this road is a canal which he himself constructed. Plaintiff’s brother has never denied him a right-of-way across the property and in fact granted him a right-of-way for the canal. The bulldozer which was used to construct the canal was brought in from road “E”.
Thus plaintiff’s property is not an enclosed estate and he is not entitled to a right of passage across defendant’s land.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of plaintiff-appellant, Levin Fusilier.
AFFIRMED.